IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MICHELLE L.,**  **Plaintiff,**  v.  **ANDREW M. SAUL,**  **Commissioner of Social Security,**  **Defendant.** | **MEMORANDUM DECISION AND ORDER**  **Case No. 1:19-cv-00080-JCB**  **Magistrate Judge Jared C. Bennett** |

All parties in this case have consented to a United States Magistrate Judge conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Michelle L.'s ("Plaintiff") appeal of Defendant Andrew M. Saul's ("Commissioner") final decision determining that Plaintiff is not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case. Based upon the analysis set forth below, the Commissioner's decision is affirmed.

---

[1] ECF No. 13.

**PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in October 2014, alleging disability beginning on May 15, 2013.[2] Plaintiff's application was denied initially and upon reconsideration.[3] Because her application was denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] which occurred on May 4, 2017.[5] Thereafter, the ALJ issued a written decision denying Plaintiff's claim for DIB.[6] Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her request for review[7] and made the ALJ's decision final for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. Plaintiff timely filed her complaint before this court seeking review of the Commissioner's final decision.[8]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be

---

[2] ECF No. 8, Administrative Record ("AR ___") 206-07.

[3] AR 98, 135, 136-39, 142-44.

[4] AR 145-46.

[5] AR 50-97.

[6] AR 31-49.

[7] AR 15-20.

[8] ECF No. 3.

2

conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted) (first alteration in original).

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
>
> . . . .
>
> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to

> preclude substantial gainful activity . . . . If the impairment is
> listed and thus conclusively presumed to be disabling, the claimant
> is entitled to benefits. If not, the evaluation proceeds to the fourth
> step . . . .

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

At the fourth step, the claimant must show, given her residual functional capacity ("RFC"), that the impairment prevents performance of her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform [her] previous work, [she] is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant cannot perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience." *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that the claimant "can make an adjustment to other work," she is not disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, on the other hand, the ALJ determines that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits. *Id.*

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred by determining that: (1) Plaintiff can perform full-time work; and (2) Plaintiff's impairments do not meet or equal Listing 1.04A. 20 C.F.R. Pt. 404, Subpt. P,

4

App. 1, Listing 1.04A. Based upon the following analysis, the court concludes that both arguments fail.

## I. The ALJ Did Not Err by Determining That Plaintiff Can Perform Full-Time Work.

Although Plaintiff's general argument is that the ALJ erred by determining that Plaintiff can perform full-time work, Plaintiff's specific arguments are that the ALJ erred by: (A) making "factual errors in his evaluation of the medical evidence,"[9] and (B) failing to determine that Plaintiff is entitled to a closed period of benefits.

### A. The ALJ Did Not Err in His Evaluation of the Medical Evidence.

In support of the general argument that the ALJ erred in his evaluation of the medical evidence, Plaintiff specifically argues that "the ALJ under-emphasizes the severity and ongoing complaints regarding [Plaintiff]'s cervical spine."[10] In support of those arguments, Plaintiff points to selective portions of the record that, according to her, demonstrate that her alleged spinal conditions impose greater limitations than those found by the ALJ. Plaintiff's arguments are without merit because they are nothing more than an invitation for the court to reweigh the evidence before the ALJ. Rearguing the weight of the evidence before the ALJ is an unavailing tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews

---

[9] ECF No. 20 at 2.

[10] *Id.* at 11.

"only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax,* 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)).

Furthermore, there was ample record evidence to support the ALJ's determination. For example, Plaintiff conceded and the ALJ found that Plaintiff was able to care for herself, her children, and her entire household.[11] Additionally, objective medical evidence showed that despite decreased mobility for certain spinal movements, examinations showed that she had normal sensation, full strength, and normal gait.[12] Notably, the ALJ gave Plaintiff the benefit of the doubt by discounting medical opinions indicating that Plaintiff was capable of doing more than the ALJ found her capable of doing.[13] Indeed, even giving Plaintiff the benefit of the doubt, the ALJ found that the evidence demonstrated that Plaintiff's subjective pain levels were inconsistent with medical evidence. Substantial evidence supports the ALJ's determination. Accordingly, the court concludes that Plaintiff's argument concerning the ALJ's evaluation of the medical evidence is without merit.

---

[11] AR 38-39, 80-85.

[12] AR 39.

[13] AR 40-42.

### B. The ALJ Did Not Err by Failing to Determine That Plaintiff Is Entitled to a Closed Period of Benefits.

Plaintiff contends that the ALJ erred by failing to determine that Plaintiff is entitled to a closed period of benefits from April 2013 through December 2016 due to three spinal surgeries during that time period. That argument fails for the following two reasons.

First, Plaintiff bases the argument primarily upon selective citations to the record and the assertion that the ALJ erred in his evaluation of the medical evidence. The court rejected that argument above and rejects it again here.

Second, as noted by the Commissioner, Plaintiff has not demonstrated, or even argued, that her alleged spinal impairments precluded her from performing substantial gainful activity for a period of 12 or more consecutive months, which is a requirement for entitlement to any period of disability benefits. 20 C.F.R. § 404.1509. Importantly, even after the Commissioner noted that deficiency in Plaintiff's argument, Plaintiff did not file any reply to address it. For those reasons, the court concludes that the ALJ did not err by failing to determine that Plaintiff is entitled to a closed period of benefits.

### II. The ALJ Did Not Err by Determining That Plaintiff's Impairments Do Not Meet or Equal Listing 1.04A.

Plaintiff asserts that the ALJ erred by determining that Plaintiff's impairments do not meet or equal Listing 1.04A. That argument is without merit.

At step three, a claimant has the "burden to present evidence establishing her impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). To satisfy this burden, a claimant must establish that her impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no

7

matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis omitted). "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. § 404.1525.

Plaintiff's cursory argument on this issue does not cite to any evidence demonstrating that her impairments meet or equal any of the requirements of Listing 1.04A. As such, she has not established that she carried her burden under step three, and her argument must fail.[14]

## CONCLUSION AND ORDER

Based upon the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED November 13, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[14] Additionally, Plaintiff contends that she was disabled because she would miss more than two days of work each month. However, Plaintiff cites no objective medical evidence showing that she was incapable of working a full month. To the contrary, the ALJ found that Plaintiff's subjective allegations of symptoms were inconsistent with the medical evidence and, therefore, the argument that she would miss more than two days per month of work fails to undermine the ALJ's determination.